UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS ANTONIO COLON,

    Petitioner,

-vs-                                                Case No.  8:04-cv-2567-T-27TBM

JAMES V. CROSBY, JR.,

    Respondent.
_____/

**ORDER**

Before the Court is Petitioner's petition for federal habeas relief filed pursuant to 28 U.S.C. § 2254 challenging a state conviction for second degree murder and shooting at, within, or into a building entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1). Respondent has filed a response to the petition (Dkt. 10).  Petitioner has filed a reply to the Respondent's response (Dkt. 15).  The Court finds that, for the reasons set forth below, Petitioner has failed to demonstrate that he is entitled to federal habeas relief.

**Background**

On January 3, 1997, Petitioner was charged by information with second degree murder, attempted second degree murder, and two counts of shooting at, within, or into a building  (Dkt. 6, Ex. 23, Vol. I at 12). On February 16, 1998, the case proceeded to trial, and the jury found Petitioner guilty of second degree murder and two counts of shooting at, within, or into a building (Dkt. 6, Ex. 23, Vol. V at 452-53)[1].   On March 11, 1998, the state trial court sentenced Petitioner to 37.9 years imprisonment on each of the three counts, the sentences to run

---

[1] The jury found Petitioner not guilty of the attempted second degree murder charge.

concurrently (Dkt. 6, Ex. 23, Vol. I at 74-85).

Petitioner filed a direct appeal (Dkt. 6, Ex. 23, Vol. I at 88). On November 15, 2000, the state appellate court affirmed Petitioner's convictions but remanded for reconsideration of his sentences (Dkt. 6, Ex. 4); *See Colon v. State*, 779 So.2d 484 (Fla. 2nd DCA 2000). Petitioner filed a motion for rehearing which the appellate court denied on January 3, 2001. (Dkt. 6, Exs. 5-6). The court issued its mandate on March 13, 2001 (Dkt. 6, Ex. 7).

On June 14, 2001, the state trial court resentenced Petitioner to 278 months imprisonment (Dkt. 6, Ex. 8). Petitioner appealed the new sentence, and on May 10, 2002, the appellate court per curiam affirmed the new sentence (Dkt. 6, Ex. 11).

On July 23, 2002, Petitioner filed a motion for reduction of sentence pursuant to Fla. R. Crim. P. 3.800©) (Dkt. 6, Ex. 13). According to Petitioner's state 3.8500 post-conviction motion, his 3.800©) motion was "denied by operation of law." (Dkt. 6, Ex. 14 at page 2).

On September 11, 2003, Petitioner filed in the state court a Rule 3.850 post-conviction motion (Dkt. 6, Ex. 14). On October 22, 2003, the state court denied ground one of the post-conviction motion and ordered the State to respond to grounds two and three of the motion (Dkt. 6, Ex. 15). On March 9, 2004, the state court denied grounds two and three of Petitioner's post conviction motion (Dkt. 6, Ex. 17).

Petitioner appealed the denial of his post-conviction motion, and on October 8, 2004, the appellate court per curiam affirmed the denial of post-conviction relief (Dkt. 6, Ex. 19); *See Colon v. State*, 887 So.2d 336 (Fla. 2nd DCA 2004)[Table]. The appellate court issued its mandate on December 8, 2004 (Dkt. 6, Ex. 22).

Petitioner filed his petition for writ of habeas corpus in this Court on November 19, 2004

(Dkt. 1).[2]

## Discussion

**Timeliness Analysis**

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Because Petitioner filed his request for federal habeas relief after the enactment date of the AEDPA, the petition is governed by the provisions thereof. *See Webster v. Moore*, 199 F.3d 1256, 1258-59 (11th Cir. 2000), *cert. denied*, 531 U.S. 991 (2000) (applying AEDPA provisions to petition filed in 1997 challenging 1989 conviction).

As Respondent correctly argues, the latest date on which Petitioner's conviction and sentence became final for §2244(d) purposes is August 8, 2002, ninety (90) days after the appellate court filed its opinion (May 10, 2002) affirming the amended sentence (Dk. 6, Ex. 11).

---

[2]Although the Court received Petitioner's petition on November 26, 2004, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993).

*See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that "the limitations period did not begin to run until the 90-day window during which [the §2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired."); Sup. Ct. R. 13 ("A petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment. . . . or order sought to be reviewed, and not from the issuance date of the mandate."). *See also, Clay v. United States*, 537 U.S. 522, 525 (2003) (stating that the 90 days allowed for filing a petition for writ of certiorari begins on the date the appellate court issues its opinion on the direct appeal, not from the date the appellate court issues its mandate). Accordingly, Petitioner had until August 8, 2003, to file a federal habeas petition, absent collateral state court activity. *See* § 2244(d)(2).

On July 23, 2002, Petitioner filed his motion for reduction of sentence pursuant to Fla. R. Crim. P. 3.800©) in which Petitioner requested the state trial court "to show leniency and mercy through a reduction of sentence." (Dkt. 6, Ex. 13 at page 1). However, a Rule 3.800©) motion to mitigate or reduce a sentence does not toll the one-year limitation because a "motion to mitigate sentence under Rule 3.800©) does not operate as a vehicle for collateral review of the legality of the judgment of sentence." *Perez v. McDonough*, 2006 U.S. Dist. LEXIS 64619 at *6 (M.D. Fla. Sept. 11, 2006); *see also Walkowiak v. Haines*, 272 F.3d 234, 237-38 (4th Cir. 2001)(holding that a motion for reduction of sentence required by West Virginia law to be filed within 90 days after sentencing does not constitute an application for collateral review within the meaning of 28 U.S.C. §2244(d)(2)); *Alexander v. Crosby*, 2006 U.S. Dist. LEXIS 23260 at *14-15 (M.D. Fla. March 23, 2006)("Because the purpose of a motion to modify or reduce sentence in Florida is to adjust a sentence on a prayer for leniency or mercy and is not a mechanism for

review of the validity of the sentence, a rule 3.800(c) motion does not constitute collateral review as contemplated by the AEDPA tolling statute.").

Petitioner did not file any collateral state court actions until September 11, 2003, when he filed his state 3.850 post-conviction motion (Dkt. 6, Ex. 14). By that time, 399 days elapsed since Petitioner's conviction and sentence became final on August 8, 2002. Consequently, that post-conviction motion, filed after August 8, 2003, did not toll the federal limitations period because that period had already expired. In *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert denied*, 534 U.S. 1144 (2002), the Eleventh Circuit reiterated its holding in *Webster*, 199 F.3d at 1259, that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Id*.

**Equitable Tolling**

Equitable tolling is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *see also Diaz v. Dep't of Corr.*, 362 F.3d 698, 700 (11th Cir. 2004)(finding "rare circumstances" merit a finding of equitable tolling). Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed*, 219 F.3d at 1300 (*quoting Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). Petitioner has failed to show that any extraordinary circumstance beyond his control made it impossible for him to file his petition for writ of habeas corpus in a timely manner. *See Helton v. Sec. for the Dept. of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the

underlying conviction.").

In his reply, Petitioner admits that his petition is untimely (Dkt. 15 at 2). However, he claims that he is entitled to equitable tolling because of his attorney's negligence. Specifically, Petitioner asserts that in July 2003, his attorney prepared Petitioner's Rule 3.850 post-conviction motion and sent it to Petitioner to review. When Petitioner reviewed the motion, he noticed that his attorney had erroneously included facts from another prisoner's case. Therefore, on July 28, 2003, Petitioner returned the post-conviction motion to his attorney to correct the motion. His attorney did not send the corrected post-conviction motion to Petitioner until September 2007, and Petitioner filed the motion with the state court on September 10, 2003. Petitioner argues that he did all he could do to file the post-conviction motion prior to the expiration of the limitations period, and his attorney's incompetence was an extraordinary circumstance which was out of Petitioner's control (Dkt. 15 at 2-10).

"[A]ttorney negligence is not a basis for the extraordinary remedy of equitable tolling[.]" *Howell v. Crosby*, 415 F.3d 1250, 1252 (11th Cir. 2005). In *Howell*, the prisoner argued that he was entitled to equitable tolling because his attorney failed to file a motion for state post-conviction relief within one year after his conviction and sentence became final. The Eleventh Circuit found the prisoner's argument for equitable tolling failed because he "was not a victim of extraordinary circumstances beyond his control, and the district court did not commit clear error when it determined that Howell was not diligent." *Id.* Petitioner essentially alleges, as did the prisoner in *Howell*, that he is entitled to equitable tolling because his attorney failed to file a motion for state post-conviction relief within one year after his conviction and sentence became final. Therefore, under the precedent of *Howell*, Petitioner's claim that he is entitled to equitable

6

tolling fails as he has not demonstrated that he was "a victim of extraordinary circumstances beyond his control."

Finally, even if the petition were not time-barred, Petitioner would not be entitled to habeas corpus relief, on the merits, for the reasons set out in Respondent's response. The Court finds the Respondent's arguments persuasive. Petitioner's reply arguments on the merits are not persuasive.

## Conclusion

Having considered the parties' arguments, applicable statutes, and controlling case law, this Court finds that Petitioner's request for federal habeas relief must be denied as time-barred pursuant to 28 U.S.C. 2244(d).

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ Of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _November 28th_, 2007.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
Counsel/Parties of Record